```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CARLOS DIAZ,                       :       23-CV-03800 (KPF) (RWL)
                                   :
              Petitioner,    :
                                   :
- against -                        :       **ORDER GRANTING PRO BONO**
                                   :       **COUNSEL**
                                   :
PEOPLE OF THE STATE OF NEW YORK,   :
                                   :
              Respondent.    :

------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge:**

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of representing petitioner in this case seeking habeas corpus relief. Counsel will file a Notice of Appearance as Pro Bono Counsel. The Petition already has been filed, and the Government most recently filed its opposing brief. Pro bono counsel is sought to file a reply on behalf of Petitioner and to present oral argument in the event the Court requires argument.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist.*

*Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

2

**DISCUSSION**

Petitioner filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated May 9, 2023, ECF No. 6.) Petitioner therefore qualifies as indigent.

Petitioner asserts a claim under 28 U.S. § 2254, alleging three claims warranting grant of a writ of habeas corpus. The Court finds that at least one of Petitioner's claims is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting Petitioner's application. According to the legal clerk who submitted filings on behalf of Petitioner, Petitioner is not competent to represent himself. Indeed, Petitioner's competency is one of the issues raised in his habeas petition. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Petitioner's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Petitioner's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that the respondent files a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Petitioner's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's

representation, pro bono counsel's representation of Petitioner will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Petitioner in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Petitioner or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Petitioner for the limited purposes described above. The Court advises Petitioner that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Petitioner. If an attorney volunteers, the attorney will contact Petitioner directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Petitioner should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated: October 13, 2023
       New York, New York

_____
Robert W. Lehrburger
United States Magistrate Judge

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Petitioner:

Carlos Diaz
16-A-0371
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

4

And to:

Antwyne Lucas
17-A-5171
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929